UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN LATHAM,<br><br>      Plaintiff,<br><br>      v.<br><br>OFFICER WYATT,<br><br>      Defendant. | Civil Action No. 24-CV-11310-AK |

## **ORDER**

**A. KELLEY, D.J.**

      Plaintiff Lincoln Latham, an inmate in custody at the Old Colony Correctional Center, initiated this *pro se* action by filing a petition alleging that the defendant canteen officer lost Latham's $36.00 canteen order that was placed on May 8, 2024. [Dkt. 1]. Latham states that he made "6 verbal complaints" and spoke to several officers about his missing canteen order. [Id. at ¶ 4]. Among other things, Latham seeks $5,000 compensatory damages and to have this Court order the defendant officer to create a refund policy that provides for reimbursement. [Id. at ¶ 6]. With the petition, Latham filed a motion for leave to proceed *in forma pauperis*. [Dkt. 1-1].

      Because Latham is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) (screening). In conducting this review, the Court liberally construes Latham's petition because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff's contention that his rights were violated suggests that he seeks to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983 based on the loss of his $36 canteen order.[1] However, to the extent Latham alleges that the defendant acted negligently and unintentionally, such a claim is not actionable under § 1983 based on a negligent act of an official causing unintended loss of property. Daniels v. Williams, 474 U.S. 327, 328 (1986). For claims that a defendant intentionally caused a prisoner to lose personal property, such a claim is not actionable under § 1983 where the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981). Latham may pursue remedies through the prison grievance system for the deprivation of his property and request an adequate remedy or may have an available remedy in state court. See Davis v. Middlesex Sheriff's Office, No. 09-ca-11453, 2010 WL 2090338, at *5 (D. Mass. May 20, 2010) (prisoner could seek an adequate remedy for negligence against the Commonwealth in state court in connection with his lost property). Either the prison grievance procedure or a state law claim provides an adequate post-deprivation remedy.

Moreover, Latham is not entitled to proceed *in forma pauperis* because he is subject to the "three-strikes" provision at 28 U.S.C. § 1915(g).[2] See e.g., Latham v. Mici, No. 23-CV-11897 (D. Mass. Oc. 2, 2023) (finding that Latham has had "three strikes" and is unable to

---

[1] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).

[2] A prisoner is not permitted to proceed *in forma pauperis*:
>if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

2

proceed *in forma pauperis* unless under imminent danger of serious physical injury).  Thus, Latham can only proceed in this action without prepayment of the filing fee if he shows that the alleged misconduct as set forth in his complaint places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Here, nothing in the complaint or pleadings suggest that he is in imminent danger of serious physical injury.

Ordinarily, the Court would afford a *pro se* plaintiff an opportunity to pay the filing fee.  However, the complaint fails to state a claim and amendment would be futile.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted.").

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED** pursuant to 28 U.S.C. §1915A(a).  The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

Dated: August 19, 2024                                    /s/ Angel Kelley
                                                                        Hon. Angel Kelley
                                                                        United States District Judge